UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSE MANUEL JIMINEZ,

          Plaintiff,

                    DECISION AND ORDER

                    16-CV-6350

      v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

          Defendant.
_____

    Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

    On June 26, 2012, plaintiff filed an application for Supplemental Security Income, alleging an inability to work since November 2, 2010. After that application was initially denied, plaintiff requested a hearing, which was held before Administrative Law Judge ("ALJ") Michael W. Devlin. The ALJ issued a favorable decision on March 11, 2014, concluding that plaintiff was disabled under the Social Security Act. (Dkt. #8 at 81-86). The Appeals Council, on its own motion, subsequently reversed the March 11, 2014 decision and remanded the matter, finding that the ALJ had improperly translated the plaintiff's "moderate" limitations in relating adequately with others and dealing with stress into an RFC that included the complete inability to interact appropriately with others, as well as the inability to work in [even] a low stress work environment. (Dkt. #8 at 88-91).

On January 28, 2015, the ALJ issued a second decision, this time concluding that plaintiff was not disabled. (Dkt. #8 at 9-17). Plaintiff appealed that decision to the Appeals Council, and it became the final decision of the Commissioner when the Appeals Council denied review on March 30, 2016. (Dkt. #8 at 1-3). Plaintiff now appeals from that decision. The plaintiff has moved (Dkt. #11), and the Commissioner has cross moved (Dkt. #13) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

## DISCUSSION

### I. Relevant Standards

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. If the ALJ concludes that the claimant is not engaged in substantial gainful employment and suffers from a severe impairment, the ALJ examines whether the claimant's impairment meets or equals the criteria of those listed in Appendix 1 of Subpart P of Regulation No. 4. If the impairment does, and has continued for the required duration, the claimant is disabled. If not, analysis proceeds and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 CFR §404.1520(e), (f). If the claimant's RFC permits him to perform relevant jobs he has done in the past, he is not disabled. If not, analysis proceeds to the final step, and the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence

demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986)). *See also* 20 CFR §404.1560(c).

Where a claimant's alleged disability includes mental components, at steps 2 and 3 the ALJ must apply the so-called "special technique" in addition to the usual five-step analysis. *See Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). If the claimant is found to have a medically determinable mental impairment, the ALJ must assess the claimant's degree of resulting limitations in four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence or pace; and (4) episodes of decompensation. *See* 20 CFR §404.1520a(c)(3). If and how the analysis proceeds from that point depends upon the degree of impairment found. However, the ALJ must document his analysis, and his written decision must "reflect application of the technique, and…'include a specific finding as to the degree of limitation in each of the [four] functional areas.'" *Kohler*, 546 F.3d 260 at 266 (quoting 20 CFR §404.1520a(e)(2)).

The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of

the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) (quoting *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997)). Still, "it is not the function of a reviewing court to decide *de novo* whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

## II. The ALJ's Decision

Here, the ALJ found that the plaintiff had severe impairments, consisting of bipolar disorder, panic disorder with agoraphobia, depressive disorder and anxiety disorder, which did not meet or equal a listed impairment. Applying the special technique, the ALJ found that plaintiff has no restrictions in activities of daily living, moderate difficulties in social functioning, moderate difficulties with regard to concentration, persistence or pace, and has experienced no episodes of decompensation. The ALJ determined that plaintiff retained the RFC to perform a full range of work at all exertional levels, but with the following nonexertional limitations: can understand, remember and carry out simple instructions and tasks, but can only occasionally interact with coworkers and supervisors and never interact with the general public. Plaintiff is able to work in a low-stress environment with no supervisory duties, no independent decision-making required, no strict production quotas, and minimal changes to work routine and processes. He can consistently maintain concentration and focus for up to two hours at a time.

Plaintiff chiefly argues that the ALJ erred when he found that plaintiff could "occasionally" deal with supervisors and coworkers but could "never" interact with the general public, when there

was no basis in the record for differentiating between the two groups. Specifically, plaintiff notes that the medical source statements of record all indicated that plaintiff would have only "moderate" difficulties in dealing with *both* the general public and supervisors and coworkers. *See* Dkt. #8 at 72 (October 11, 2012 opinion of reviewing psychiatrist Dr. M. Apacible, noting that plaintiff is "moderately limited" in his ability to interact appropriately with the general public, and to get along with coworkers or peers); 422 (September 24, 2012 opinion of examining psychologist Dr. Christine Ransom, noting "moderate difficulty . . . relat[ing] adequately with others").

The Court concurs. While there is substantial evidence in the record to support a finding that plaintiff has "moderate" limitations in relating adequately to others and handling stress, the ALJ fails to sufficiently support or explain his finding that plaintiff could have no contact with the general public (rather than occasional contact, as with coworkers and supervisors). *See generally Winn v. Commissioner*, 2017 U.S. Dist. LEXIS 9987 at *30 (N.D.N.Y. 2017) (moderate limitations in appropriate interaction are appropriately accounted-for by a limitation to "occasional interaction with co-workers, supervisors, and the general public"); *Frost v. Colvin*, 2017 U.S. Dist. LEXIS 93439 at *4-*5 (W.D.N.Y. 2017) (collecting cases, and noting that a limitation to occasional or limited contact with others is sufficient to account for moderate limitations in social functioning).

However, because the RFC described by the ALJ was erroneous only to the extent that it may have incorporated *greater* limitations than are supported by the evidence of record rather than fewer, that error is harmless. It is axiomatic that if a position can be performed by a person who is incapable of interacting with the general public, it can also be performed by an individual who is limited to no more than "occasional" public interaction. As such, plaintiff would have been found "not disabled" even if the ALJ had adopted the medical source statements verbatim and

5

found that plaintiff's moderate difficulties in social interaction allowed him to occasionally (rather than never) interact with the general public. As such, remand would be futile. *See generally Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (remand is not necessarily where it would result in the same conclusion).

Plaintiff also argues that the ALJ's RFC finding that plaintiff could perform simple tasks in a low-stress environment, and maintain concentration and focus for up to two hours at a time, was erroneous, in that it failed to sufficiently account for the plaintiff's "moderate" impairments in attention and concentration. (Dkt. #8 at 71-72, 421). The Court disagrees. District courts in this circuit have held that an RFC which includes the ability to concentrate for up to two hours at a time, without or without the additional limitations to simple tasks and/or a low-stress environment that the ALJ included here, *is* sufficient to account for moderate limitations in attention and concentration. *See DeRosia v. Colvin*, 2017 U.S. Dist. LEXIS 149272 at *67 (W.D.N.Y. 2017); *Mitchell v. Colvin*, 2017 U.S. Dist. LEXIS 117998 at *52 (W.D.N.Y. 2017); *Miller v. Colvin*, 2015 U.S. Dist. LEXIS 39274 at *40 (W.D.N.Y. 2015); *Buscemi v. Colvin*, 2014 U.S. Dist. LEXIS 134827 at *37-*38 (W.D.N.Y. 2014). Plaintiff points to no evidence of record suggesting that plaintiff is incapable of concentrating for up to two hours, and identifies no legal precedent supporting the proposition that "moderate" limitations in attention and concentration foreclose that ability. The cases upon which plaintiff relies, which pertain to RFCs which purported to account for concentration difficulties merely by a limitation to "simple" work, without all of the additional limitations imposed here (ability to concentrate for up to two hours, low-stress, non-production pace), are inapposite.

6

Finally, plaintiff argues that the ALJ failed to satisfy his obligation to complete the record, when he failed to obtain copies of certain mental assessments by plaintiff's therapist at the Monroe County Department of Human Services ("DHS"), licensed clinical social worker Robert Langen, which were allegedly missing from the treatment records and assessments that DHS provided. The record attests that the ALJ made no less than three requests for records from DHS, and the DHS assessments plaintiff now contends were "missing" were authored by a social worker who is not an "acceptable medical source" for purposes of plaintiff's disability claim, and thus not a treating physician who the ALJ would have had the obligation to recontact. *See generally* 20 C.F.R. §416.920b. I find that under the circumstances, the ALJ fulfilled his duty to complete the record, and that the allegedly missing assessments did not pose an obvious gap.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that to the extent that the ALJ's decision lacked substantial evidence and/or contained legal error, such error is harmless, and that remand would serve no proper purpose. The plaintiff's motion for judgment on the pleadings (Dkt. #11) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #13) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 18, 2018.